(Reap. Dec. 9198)

DOMINICK BUTTI *v.* UNITED STATES

Entry No. 774934, etc.

(Order dated July 21, 1958)

*Brooks & Brooks* (*Thomas J. McKenna* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster* and *Samuel D. Spector*, trial attorneys), for the defendant.

ORDER

Oliver, Chief Judge: These four appeals for reappraisement relate to certain accordions exported from Italy during October, November, and December 1950, and entered at the port of New York.

The case is before me at this time on motion by plaintiff to cancel my Order, dated October 30, 1957, restoring these appeals to the calendar "for clarification of the record, particularly with reference to the exhibits introduced by defendant," *Dominick Butti v. United States*, 39 Cust. Ct. 687, Reap. Dec. 9015, which Order was issued under the remand by the appellate division, *Dominick Butti v. United States*, 38 Cust. Ct. 732, A. R. D. 73 (rehearing denied A. R. D. 80), in review of my original decision, *Same v. Same*, 35 Cust. Ct. 404, Reap. Dec. 8480.

An outline of previous proceedings in this case is pertinent. In my original decision, Reap. Dec. 8480, *supra*, based upon a record that included oral testimony and documentary proof offered by plaintiff and documentary evidence introduced by defendant, I held that the combined proof was "insufficient to overcome the presumption of correctness which the statute (28 U. S. C. § 2633) attaches to the value found by the appraiser," and, accordingly, sustained the appraised values as being the statutory export values of the merchandise.

The division on review (A. R. D. 73, *supra*) remanded the case and, in doing so, concluded as follows:

It is apparent to us that the trial court discarded the only legal evidence, collective exhibit 1, as to the value of the involved, damaged, and shopworn accordions in favor of much irrelevant, unauthenticated, unconnected, and immaterial so-called correspondence. In this, we feel the trial court committed error. To the end that this case may be reconsidered by the trial court, in the light of the observations herein made, the decision and judgment of the trail court are reversed, and the case is remanded to the trial court for further consideration upon the record before it. Judgment will be rendered accordingly.

The judgment rendered by the appellate division, pursuant to the decision, reads as follows:

* * * Ordered, Adjudged, and Decreed that * * * the decision and judgment of the trial court are hereby reversed, and the case is remanded to the trial court for further consideration, in the light of the observations made in our opinion herein.

Pursuant to the foregoing mandate, the case came before me and in my "further consideration, in the light of the observations made" by the appellate division, I stressed the division's finding concerning defendant's evidence and quoted from its decision, A. R. D. 73, *supra*, as follows:

An examination of the exhibits offered by the appellee herein in the nature of unauthenticated and unconnected so-called correspondence discloses nothing

which could be construed as sufficient to establish that the Italian exporter sold and/or offered for sale shopworn and damaged accordions, such and/or similar to those here involved, to the appellant herein exclusively.

and concluded with the ORDER, restoring these appeals for reappraisement "to the calendar for clarification of the record, particularly with reference to the exhibits introduced by defendant," Reap. Dec. 9015, *supra.* Plaintiff now seeks to have that ORDER canceled, and argues as follows:

A precedent against this court's action of October 30, 1957 ordering the case restored to the calendar for the taking of further testimony or the offering of other evidence, is found in *United States* v. *Elliot, Greene & Co., Eitinger Bead Co., Hollander Bead & Novelty Co.*, 28 C. C. P. A. 177, 180. * * *

It should be noted that the clarification of the record, as ORDERED, may not require "the taking of further testimony or the offering of other evidence," suggested by counsel for plaintiff. That can be determined only when the case appears on the calendar.

The *Elliot, Greene & Co. et al.* case, *supra*, is not controlling of the present situation. There, the division on review followed the usual practice of our appellate court and rendered a specific judgment. See *United States* v. *F. B. Vandegrift & Co. et al.*, 16 Ct. Cust. Appls. 398, 404, T. D. 43120; *United States* v. *International Graphite & Electrode Corp.*, 25 C. C. P. A. (Customs) 74, 88, T. D. 49066; *United States* v. *H. W. Robinson & Co.*, 25 C. C. P. A. (Customs) 395, 403, T. D. 49484. In the *Elliot, Greene & Co. et al.* case, the division, on review, in clear and definite language, reversed the judgment of the trial court and remanded the case "for the purpose of deciding the same on the record as made with the report of November 18, 1935, and the report of January 6, 1936, excluded." The two documents referred to were reports of a Treasury representative, which the trial judge had admitted in evidence. The appellate division had noted that one of the reports was a photostat copy and the other was a carbon copy and that neither had been certified, as required by statute (section 501 of the Tariff Act of 1930 and T. D. 40515), and, therefore, held that the admission of the reports by the trial court was error and, accordingly, excluded them from the record. The trial judge followed the mandate of the appellate division and, after denying a motion to reopen the case for the purpose of certifying the reports and then offering them in evidence, decided the case, excluding the two reports referred to. In a second appeal to the division on review, appellant assigned as error the action of the trial court in denying the motion to reopen the case as aforesaid. The appellate division affirmed the judgment appealed from but did not pass upon the refusal by the trial court to reopen the case. From the second judgment of the appellate division, appeal to the United States Court of Customs and Patent Appeals was taken.

During the course of argument before the appellate court, the question was raised as to whether the first judgment of the division on review became a final judgment, because no appeal therefrom had been taken. The Court of Customs and Patent Appeals held, in effect, that the appellate division, in its first decision and judgment, remanding the case to the trial court to be decided with the two reports excluded, settled the law of the case, "and under the express provision of section 501, *supra*, the judgment became 'final and conclusive' upon the parties," the *Elliot, Greene & Co. et al.* case, *supra.* The vital distinction between the cited case and the present case lies in the difference between the remands issued in each by the appellate division to the trial judge. In the *Elliot, Greene & Co. et al.* case, the remand was specific. In this case, the division on review directed, in its remand, "further consideration, in the light of the observations made in our opinion." Such language of the appellate division is general and sufficiently broad to permit the exercise of discretion and allow a clarification of the record as previously ordered, Reap. Dec. 9015, *supra.*

The power and authority of an appellate division were set forth in *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. 184, 190, T. D. 47126, as follows:

The statute provides that the division of three judges "shall affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceedings." The authority thus given is very broad. Certainly the appellate division passes upon questions of both law and fact. We think that it may appraise, that is, find the dutiable value, and that it is its duty so to do in all cases where the appraiser had the power to appraise the merchandise at the time the appraisement was made. If it regards the value found by the single judge as both legally and factually correct, it should affirm such value. If not regarded as correct, it should find what is the value, or, if the record be insufficient, in its opinion, to enable such finding, the case should be remanded to the single judge with directions to dismiss the appeal to reappraisement or for a new trial, as the division may determine.

In this case, the appellate division made no specific findings of fact or conclusions of law; nor did it make any finding of value. Its remand to the trial court, directing "further consideration" of the case, requires clarification of the record "in the light of the observations made." Accordingly, I repeat now, with the same force and effect, what was stated in my ORDER of October 30, 1957, Reap. Dec. 9015, *supra:*

I could not when this case was originally before me—and I cannot now—draw from the record herein that plaintiff questioned the authenticity of the series of letters from the exporter to the importer (exhibits B, C, and collective exhibit D, *supra*).

In view of the appellate division's characterization of the letters as "unauthenticated and unconnected," it is my opinion that these appeals for reappraisement

503

should be restored to the calendar for clarification of the record, particularly with reference to the exhibits introduced by defendant.

An ORDER will issue restoring the case to the calendar for clarification of the record, in accordance with the ORDER of October 30, 1957, Reap. Dec. 9015, *supra*.

Consideration has been given to all of the cases cited in the memoranda filed by counsel for the respective parties. Reference has been made only to those cases deemed necessary to support the reasoning followed and the conclusion reached.