(A.R.D. 119)

DOMINICK BUTTI *v.* UNITED STATES

Entry No. 774934, etc.

Second Division, Appellate Term

(Decided March 11, 1960)

*Brooks & Brooks* (*Thomas J. McKenna* and *Jerome Vale* of counsel) for the appellant.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: This application for review of the decision and judgment of the trial court covering the appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, has been the subject of much litigation. *Dominick Butti* v. *United States*, 35 Cust. Ct. 404, Reap. Dec. 8480; *Same* v. *Same*, 38 Cust. Ct. 732, A.R.D. 73 (rehearing denied, A.R.D. 80); *Same* v. *Same*, 39 Cust. Ct. 687, Reap. Dec. 9015; *Same* v. *Same*, 41 Cust Ct. 499, Reap. Dec. 9198; *Same* v. *Same*, 42 Cust. Ct. 627, Reap. Dec. 9416.

The articles involved herein consist of accordions imported from Italy which were entered at various unit prices. They were appraised at values higher than the entered value on the basis of export value of *similar* merchandise. It is the contention of appellant herein that the accordions involved are "shopworn and damaged," that such merchandise has a foreign value and an export value, and that being the same such value represents the statutory value for *such* merchandise. The trial court, in its original decision in Reap. Dec. 8480, *supra*, held that the combined proof of plaintiff and defendant was insufficient to overcome the presumption of correctness which attached to the value found by the appraiser.

This division, sitting as an appellate court, in our decision in A.R.D. 73, *supra*, after reviewing the facts and law, remanded this case to the trial court, making the following observation:

It is apparent to us that the trial court discarded the only legal evidence, collective exhibit 1, as to the value of the involved, damaged, and shopworn accordions in favor of much irrelevant, unauthenticated, unconnected, and immaterial so-called correspondence. In this, we feel the trial court committed error. To the end that this case may be reconsidered by the trial court, in the light of the observations herein made, the decision and judgment of the trial court are reversed, and the case is remanded to the trial court for further consideration upon the record before it. Judgment will be rendered accordingly.

The trial court, subsequently, in its order published in Reap. Dec. 9015, *supra*, restored this matter to the calendar "for clarification of the record, particularly with reference to the exhibits introduced by defendant."

After a further hearing by the trial court, a decision was rendered by it in Reap. Dec. 9416, *supra*, wherein it found, based upon the evidence heretofore excluded by this court in its decision in A.R.D. 73, *supra*, that the proof offered by appellant was insufficient to overcome the presumption of correctness attaching to the action of the appraiser in finding the values of the involved accordions on the basis of export values of similar merchandise under section 402(d) of the Tariff Act of 1930.

In view of our judgment in A.R.D. 73, *supra*, particularly with respect to the inadmissibility of the exhibits offered by appellee, we

are of the opinion that the trial court erred in ordering this matter restored to the calendar (Reap. Dec. 9015, *supra*), as our remand was for reconsideration on the record before it.

In addition, our decision relative to appellee's exhibits became final and conclusive upon the parties, in the absence of an appeal timely taken to the United States Court of Customs and Patent Appeals, as provided for in 28 U.S.C., section 2637. A situation similar to that at bar was decided by our appellate court in *United States* v. *Elliot, Greene & Co.*, 28 C.C.P.A. (Customs) 177, C.A.D. 141. The court therein held that the appellate division of the Customs Court in its first decision acted within its statutory authority in reversing the judgment of the trial court and remanding the case to the single judge for the purpose of deciding the same on the record as made, with the two reports of the Treasury representative excluded, since they were not duly authenticated. When the matter subsequently appeared before the trial court, the single judge properly denied a motion by the Assistant Attorney General to reopen the case for the purpose of permitting the Government to authenticate the reports. The following comments by the court in the *Greene* case, *supra*, appear to properly govern the situation now presented:

> From the statement of the case, as herein set out, there can be no question but that the appellate division in its first decision acted within its statutory authority. It reversed the judgment appealed from and remanded the case to the trial court, "for the purpose of deciding the same on the record as made with the report of November 18, 1935, and the report of January 16, 1936, excluded." It may have erred in the reasons for its decision, but that is not the question presented by this issue.
>
> In its judgment the appellate division settled, as far as it was concerned, the law of the case, which was that the said reports could not, under the circumstances shown, be considered in arriving at the dutiable value of the merchandise. No appeal was taken from the judgment and under the express provision of section 501, *supra*, the judgment became "final and conclusive" upon the parties. There can be no question but that Congress may provide for appeals, even from interlocutory judgments; and when Congress declared, in section 501, *supra*, that:
>
>> * * * The decision of the United States Customs Court shall be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs and Patent Appeals upon a question or questions of law only within the time and in the manner provided by section 198 of the Judicial Code, as amended.*
>
> it intended, in our opinion, to permit an appeal from a judgment such as the first one herein.

In view of the foregoing, the law is settled with respect to the inadmissibility of appellee's exhibits, and the trial court should not have considered, nor will this division consider, such evidence in the

---

*Presently reported in title 28 U.S.C., section 2637.

determination of this matter on its merits. The only evidence properly due consideration in the determination of this case on its merits is the testimony of the manager of the Ace Accordion Co. of New York, who was called to testify on behalf of appellant herein. It appears that this witness examined, in the presence of the customs officials and while these accordions were still in the custody of the Government, certain items of the merchandise contained in case 1–F–76, the only case imported in the shipment, covered by reappraisement 207991–A, and found the merchandise consisted of old models, obsolete in style, with discolorations embedded in the bodies, and cases and having many keys out of line. The witness further testified that the condition in which he found the accordions rendered them less salable and, accordingly, reduced their value. He also stated that, unlike a violin, which increases in value with age, an accordion becomes less valuable with age.

In addition to the testimony offered by this witness, appellant herein offered an affidavit of the exporter, which was marked collective exhibit 1, which contained the following language:

Antonio Butti, being duly sworn, declares:

1. That he speaks and understands the English language;

2. That he has been in the business of making, repairing and selling accordions for over 40 years;

3. That in September 1948, he purchased the firm of Italfisa, located in Osimo-Stazione, Ancona, Italy;

4. That said purchase included the firm's building, equipment and a stock of approximately 260 old, damaged or unfinished accordions;

5. That seince [*sic*] September 1948, he has been the sole owner of Italfisa;

6. That during the months of October, November and December 1950, he sold from the stock he acquired at time of purchase of Italfisa, the followin [*sic*] accordions to Dominick Butti Accordion School & Repairs, 154 Park Row, New York, N.Y. at the prices shown alongside each type:

| | Type | No. sold | Price per each |
|---|---|---|---|
| Fisarmoniche | 41/120/4/5/9/3 | 8 | $45.00 |
| " | 41/120/4/5/13/5 | 8 | 45.00 |
| " | 41/120/4/5/15/5 | 2 | 45.00 |
| " | 41/120/3/5/2 | 4 | 35.00 |
| " | 41/120/3/5/2/1 | 1 | 30.00 |
| " | 41/120/4/5/5/1 | 2 | 40.00 |
| " | 41/120/4/5/5/1 | 2 | 35.00 |
| " | 41/120/4/5/15/1 | 1 | 45.00 |
| " | 41/120/3/5/1 | 1 | 25.00 |
| " | 25/24/2/4 | 3 | 12.00 |
| " | 21/8 bassi | 3 | 10.00 |

7. That the principal market in Italy for accordions during the period of these shipments was Castelfidardo, Ancona, Italy.

8. That from his knowledge of and experience in the accordion markets in Italy he knows that the price of accordions is not affected by the number purchased in the ordinary cours [*sic*] of trade.

9. That during the summer and fall of 1950 he freely offered for sale the shop-worn and damaged accordions, acquired at the time of purchase of Italfisa, in the market of Castelfidardo and in other markets in Italy for home consumption and for export to all countries, including the United States, at the prices shown above in paragraph 6 and that inclosed is a sworn statement from Vignoni Giovanni, one of the purchasers of such accordions.

10. That from his knowledge of and experience in the accordion markets of Italy he knows that no other similar shop-worn and damaged accordions similar to those mentioned above were offered for sale during the summer, fall and winter of 1950.

The affidavit of Vignoni Giovanni, referred to in paragraph 9 of the affidavit of the exporter, was received in evidence and marked collective exhibit 2.

It is the position of appellee that collective exhibit 1 is insufficient to make out a *prima facie* case, citing *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495; *Kobe Import Co.* v. *United States*, 42 C.C.P.A. (Customs) 194, C.A.D. 593; *United States* v. *Fisher Scientific Co.*, 44 C.C.P.A. (Customs) 122, C.A.D. 648; *United States* v. *Baar & Beards, Inc.*, 46 C.C.P.A. (Customs) 92, C.A.D. 705.

Aside from the consideration of the sufficiency of plaintiff's collective exhibit 1 under the principles of law set forth in the cases cited above, an examination of the official papers before the court indicates that, in each of the cases consolidated herein, the consular invoices, signed by the exporter, in two separate portions, contain information which is contrary to the affidavit of said exporter. Plaintiff's collective exhibit 1 was introduced to establish, within the statutory requirements, that a foreign or export value existed for such merchandise. One of the elements required to establish said statutory values is that the merchandise is freely offered for sale either for home consumption under section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, 19 U.S.C., section 1402, 74 Treas. Dec. 16, T.D. 49646, or for export to the United States under section 402(d) of the Tariff Act of 1930. In paragraph 9 of plaintiff's collective exhibit 1 quoted, *supra*, the affiant states the merchandise was freely offered for sale for home consumption during the period involved herein. Contrary to this statement of facts is the information contained on the consular invoices signed by the same individual before a vice consul of the United States in Italy. In column 11 of said instruments, the exporter inserted, "Merchandise exclusively manufactured for export." In addition, said exporter also answered in the negative to the last question on said consular invoices which asks, "Is such or similar merchandise offered or sold in the home market for home consumption?"

The invoice is part of the official file of papers in a reappraisement proceeding, 19 U.S.C., section 1501; 19 U.S.C., section 1402(b), and

has certain evidentiary value. The court may, in its discretion, examine said papers and draw certain conclusions or inferences therefrom, although not specifically offered in evidence. The weight to be accorded such document will vary in each case, depending upon the purpose said document is being used for and the facts being considered. In *United States* v. *Gardel Industries*, 33 C.C.P.A. (Customs) 118, C.A.D. 325, the court, in a case involving the classification of certain merchandise, considered invoice description for the purpose of negating the testimony of the importer. The court therein made the following observation:

> Appellee's testimony is negated by the description of the goods in the official invoices which here have certain evidentiary value and by Collective Exhibit 1 which to the court, availing itself of common knowledge and experience, would ordinarily indicate that the molds were chiefly used for the amusement of children having a creative knack. * * *

In a reappraisement proceeding, an appellate division of this court utilized a consular invoice which was not offered in evidence for its conclusion. No assignment of error having been made by either party, the Court of Customs and Patent Appeals did not decide the point in question. See *United States* v. *Fisher Scientific Co.*, 26 C.C.P.A. (Customs) 278, C.A.D. 27.

Inasmuch as plaintiff's collective exhibit 1 was a statement of the exporter, who also, and in that capacity, executed the consular invoices, his original statement may be considered for the purpose of testing the credibility of the witness, especially since the statements in the consular invoices, which are part of the official papers in the case, were made *ante litem motam.*

Since there is such conflict between the two documents as to seriously impair the credibility of the witness, this testimony is entitled to little, if any, weight. Accordingly, the record is, for all practical purposes, bare of any competent evidence which would tend to establish the claim of appellant herein, that the involved accordions should have been appraised on the basis of foreign or export value of *such* merchandise, which values are contended to be the entered values. In view of the foregoing, it is evident that appellant has failed to overcome the dual burden of establishing the incorrectness of the appraised value and the correctness of the value claimed, imposed upon him by statutory presumption of correctness attaching to the value found by the appraiser.

We find as matters of fact:

1. That the merchandise in question consists of a number of different models of damaged, shopworn, or obsolete accordions, which were exported from Italy between October 1950 and December 1950.

2. That the merchandise was appraised at various unit prices on the basis of export value of *similar* merchandise.

3. That appellant has failed to establish that such accordions were freely offered for sale to all purchasers for home consumption or for export to the United States.

We find as conclusions of law:

That appellant has failed to overcome the statutory presumption attaching to the values found by the appraiser and that the values thereon are those returned by the appraiser.

The judgment of the trial court is affirmed.

Judgment will be rendered accordingly.